PER CURIAM.
| ¶ This case arises from workers’ compensation litigation in which defendant disputes claimant’s disability status. The hearing officer presiding over the case directed the parties to appear for a mediation conference before Elizabeth Lanier, *534 an attorney who served as a mediator for the Office of Workers’ Compensation. The parties participated in mediation, but the matters in dispute were not resolved.
Subsequently, the presiding hearing officer retired, and Ms. Lanier was appointed as hearing officer in this case. After learning of Ms. Lanier’s appointment as hearing officer, defendant filed a motion to recuse her. After hearing before another hearing officer, defendant’s motion was denied. Defendant applied for supervisory relief, which was denied by the court of appeal, with one judge dissenting. This application followed.
A review of La.Code Civ. P. art. 151 indicates there is no provision which directly addresses the unusual circumstances presented in this case. However, we find an analogy may be made to La.Code Civ. P. art. 151(B)(3), which provides that a judge may be recused if he “[h]as performed a judicial act in the cause in another court....” That subsection focuses on the relationship between the judge and the case. See F. MaRaist and H. Lemmon, Louisiana Civil Law TREATISE: Civil Prooe-dure § 10.7 (1999). We find Ms. Lanier’s prior actions in this case as court-jappoint-ed2 mediator disqualifies her from serving as presiding hearing officer.
Accordingly, the writ is granted. Defendant’s motion to recuse Ms. Lanier is granted, and the case is remanded to the Office of Workers’ Compensation for real-lotment of the case.